Gesund Law Offices, LLC
Keren E. Gesund, Esq.
California Bar No. 253242
1533 Sun Copper Dr.
Las Vegas, NV, 89117
Tel: (702) 300-1180
gesundk@gesundlawoffices.com
Attorney for Plaintiff

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL RAE TROTTIER, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>PERFORMANT RECOVERY, INC. a California corporation,<br><br>Defendant | Case No.: [Number]<br><br>**COMPLAINT**<br><br>**Demand for Jury Trial** |

CRYSTAL RAE TROTTIER ("Plaintiff"), by and through counsel, GESUND LAW OFFICES, LLC alleges the following against PERFORMANT RECOVERY, INC. ("Defendant"):

## INTRODUCTION

1. Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq*. ("FDCPA") and the Rosenthal Fair Debt Collection Practices Act, Cal. Civ. Code § 1788 *et seq*. ("RFDCPA").

1

PLAINTIFF'S COMPLAINT

## JURISDICTION AND VENUE

2. The Court has jurisdiction over this action pursuant to the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*. and 28 U.S.C. § 1331. The Court has supplemental jurisdiction for the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper pursuant to 28 U.S.C. § 1391(b) because Plaintiff and Defendant reside and/or do business in the Northern District of California. Venue is also proper in this District because the acts and transactions that give rise to this action occurred, in substantial part, in the Northern District of California.

## PARTIES

4. Plaintiff is a natural person residing in Mountain View, California 94043.

5. Defendant is a debt collection company located 333 North Canyons Pkwy., Suite 100, Livermore, CA 94551.

6. Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6) and §1788.2(c) repeatedly contacted Plaintiff in furtherance of its attempt to collect a debt from Plaintiff's son.

7. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

**FACTUAL ALLEGATIONS**

8. At all pertinent times, Defendant was hired to collect a consumer debt.

9. Defendant is a debt collection company that collects, and attempts to collect, debts incurred, or alleged to have been incurred, for personal, family, or household purposes on behalf of creditors using the U.S. mail, telephone and/or internet.

10. On or about October 25, 2006, Plaintiff borrowed money from the Great Lakes Higher Education to finance her education.

11. Beginning in February 2013 to the present, Defendant represented 5-10 times that it was going to garnish Plaintiff's wages in order to intimidate Plaintiff into paying the debt. The most recent threat of garnishment was in January of 2014, prior to that was December of 2013.

12. As of the filing of this complaint, Defendant has not garnished Plaintiff's wages, nor does it intend to do so.

13. Plaintiff told Defendant to stop calling her. Plaintiff notified Defendant that she was suffering from financial hardship and requested they call back in one year, believing that should be in a better position to pay her debt at that time.

14. On or about December 31, 2013, Defendant refused to identify itself when it called Plaintiff's work number.

15. Defendant knew it was speaking to Plaintiff as she always identifies herself when she answers her work phone number.

16. Rather, the collector misrepresented that it would like to speak to Plaintiff's human resources department in an attempt to intimidate and harass her because it had no intention of immediately garnishing her wages.

### FIRST CAUSE OF ACTION
### DEFENDANT VIOLATED THE
### FAIR DEBT COLLECTION PRACTICES ACT

17. In its actions to collect a debt, Defendant violated the FDCPA as follows:

   a. Pursuant to 15 U.S.C. § 1692e(5) a debt collector is prohibited from "threat[ening] to take any action that cannot legally be taken or that is not intended to be taken".

   b. A debt collector is also prohibited from using "any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer." 15 U.S.C. § 1692e(10).

   c. Over the last year, Defendant has made multiple threats to garnish Plaintiff's wages when it had no true intention of doing so.

   d. Further, Defendant misrepresented that it wanted to speak to her human resources department when what it really wanted to do was harass and embarrass Plaintiff.

   e. Pursuant to 15 U.S.C. § 1692d(6) "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt" including "the placement of telephone calls without meaningful disclosure of the caller's identity."

f. On or about December 31, 2013, Defendant refused to identify itself when it called Plaintiff's work number.

g. Defendant knew it was speaking to Plaintiff as she always identifies herself when she answers her work phone number.

h. Pursuant to 15 U.S.C. §1692d, a debt collector is prohibited from "engag[ing] in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

i. Here, Defendant harassed Plaintiff by continuing to call Plaintiff after she requested they stop for one year to give her time to get her finances in order;

**SECOND CAUSE OF ACTION**
**DEFENDANT VIOLATED THE ROSENTHAL**
**FAIR DEBT COLLECTION PRACTICES ACT**

18. In its actions to collect a debt, Defendant violated the RFDCPA as follows:

a. Pursuant to § 1788.10(e), a debt collector is prohibited from threatening the "garnishment or attachment of wages of the debtor, unless such action is in fact contemplated by the debt collector".

b. As set forth above, Defendant made numerous threats to garnish Plaintiff's wages when it had no intention of actually doing so.

c. Pursuant to § 1788.11(b) and (e), a debt collector is prohibited from "[p]lacing telephone calls without disclosure of the caller's identity," and [c]ommunicating,

5

PLAINTIFF'S COMPLAINT

      by telephone or in person, with the debtor with such frequency as to be unreasonable and to constitute an harassment to the debtor under the circumstances."

d. Here, Defendant called Plaintiff and refused to identify itself and also continued to call Plaintiff when she asked the collector to stop calling for one year due to her financial circumstances.

e. According to § 1788.16 of the RFDCPA, "every debt collector collecting or attempting to collect a consumer debt shall comply with the provision of Sections 1692b to 1692j, inclusive, of, and shall be subject to the remedies in Section 1692k of, Title 15 of the United States Code."

f. As discussed above, Defendant violated a number of FDCPA provisions.

WHEREFORE, Plaintiff, respectfully prays for judgment as follows:

a. Actual damages incurred by Plaintiff pursuant to 15 U.S.C. § 1692k(a)(1) and §1788.30(a);

b. Statutory damages for $1,000 for violation of the FDCPA pursuant to 15 U.S.C. § 1692k(a)(2)(A) and §1788.30(b);

c. All reasonable attorneys' fees, witness fees, court costs and other litigation costs incurred by plaintiff pursuant to 15 U.S.C. § 1692k(a)(3) and §1788(b) and (c); and

d. Any other relief deemed appropriate by this Honorable Court.

**DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, CRYSTAL RAE TROTTIER, hereby demands a jury trial for this case.

Dated this 3rd day of March, 2014.

                                  RESPECTFULLY SUBMITTED

                                  /s/ Keren E. Gesund, Esq.
                                  KEREN E. GESUND
                                  California Bar No. 253242
                                  Gesund Law Offices, LLC
                                  1533 Sun Copper Dr.
                                  Las Vegas, NV 89117
                                  Tel: (702) 300-1180
                                  gesundk@gesundlawoffices.com

PLAINTIFF'S COMPLAINT